UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA CHRISTIAN, | 20-cv-10362 |
| Plaintiff, | ECF CASE |
| v. | |
| MICHELLE KARS and JOHN KARS, | **COMPLAINT** |
| Defendants. | **JURY TRIAL REQUESTED** |

Plaintiff Angela Christian ("Plaintiff"), by her undersigned counsel, alleges upon personal knowledge as to some, and information and belief as to the rest, as follows:

**PRELIMINARY STATEMENT**

1.   Plaintiff Angela Christian charges that her employers, Defendants Michelle Kars and John Kars ("Defendants"), willfully failed to pay her overtime for weeks in which she worked over forty (40) hours in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 et seq. ("FLSA").

2.   Plaintiff Christian also charges that Defendants willfully failed to pay her overtime for weeks in which she worked over forty (40) hours in violation of the New York Labor Law, Art. 5 and Art. 6. et seq., and the regulations related thereto ("NYLL").

3.   Plaintiff Christian also charges that Defendants failed to provide wage notice and wage statements that complied with the NYLL.

4.   As a result of the foregoing, Plaintiff seeks declaratory and injunctive relief, as well as monentary damages in the form of unpaid wages, liquidated damages, statutory damages, and costs, expenses, and reasonable attorneys' fees under the foregoing laws.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq., 29 U.S.C. § 216 and 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiff's pendant state law claims under 28 U.S.C. § 1367 because those claims arise out of the same common nucleus of operative facts and are parts of the same case or controversy as Plaintiff's federal claims.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

### Plaintiff

**8.** Plaintiff is an adult individual who currently resides in Brooklyn, New York.

9. Plaintiff worked for Defendants from June 15, 2014, to in or about early June 2019, as a domestic worker.

10. At all times relevant to this action, Plaintiff was a non-exempt employee of Defendants within the meaning of the FLSA and the NYLL.

11. The FLSA applies to employees who are subject to either individual coverage or enterprise coverage. 29 U.S.C. §§206(a), 207(a).

12. While individual coverage is where employees are personally engaged in the production of goods for commerce or engaged in commerce (interstate commerce); Congress has determined that employment of persons in domestic service in households "affects commerce." 29 U.S.C. §202(a); 29 U.S.C. §206(f), covering "[e]mployees in domestic service;"

also 29 CFR §552.99 [domestic workers "handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce."].

13. The FLSA extends protections to domestic workers. *See* 29 U.S.C. § 206(f).

14. Similarly, the NYLL explicitly extends its protections to domestic workers. NYLL § 170; *see also* NYLL § 190(4) (defining "manual worker").

### Defendants

15. Defendant Michelle Kars is an adult individual who currently resides in Manhattan, New York.

16. Defendant John Kars is an adult individual who currently resides in Manhattan, New York.

17. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL. For example, Defendants Michelle and John Kars interviewed Plaintiff for the position, decided to hire her, determined her rate of pay, scheduled her work, assigned her work duties, periodically issued her wage statements (albeit incorrect wage statements), and paid her wages through payroll processes set up by Defendants.

### STATEMENT OF FACTS

18. Pursuant to the parties' oral agreement on in or about early June 2014, Plaintiff Christian was hired by Defendants to work as a nanny at Defendants' residence.

19. Pursuant to said oral agreement, Plaintiff Christian was to be paid a weekly salary of $650.

20. At no time during Plaintiff's employment with Defendants did Defendants provide Plaintiff with a wage notice that complied with the NYLL.

3

21. At no time during Plaintiff's employment with Defendants did the parties discuss the manner in which her weekly salary was to be calculated.

22. As a result, at no time did Plaintiff or Defendants understand or agree that Plaintiff's weekly salary would be inclusive of any overtime premium.

23. Throughout Plaintiff's employment, Defendants willfully failed to keep an accurate record of the hours Plaintiff actually worked.

24. Between June 15, 2014, to in or about early June 2019, Plaintiff worked an average of 53.75 hours per work week for Defendants. Plaintiff commenced employment at 7:45 a.m. each weekday, before Defendants left for work, and finished working after Defendants returned from work, at approximately 6:30 p.m.

25. However, Defendants willfully failed to pay Plaintiff for those hours worked over forty (40) in any given work week throughout the time that Plaintiff worked for them.

26. In or about June 2015, Plaintiff's weekly pay was increased to $700 per week.

27. In or about June 2016, Plaintiff's weekly pay was increased to $750 per week.

28. In or about mid-February 2017, Plaintiff's weekly pay was increased to $900 per week.

29. In or about early June 2019, Plaintiff's employment with Defendants ended.

## CAUSES OF ACTION

### COUNT 1

*Claim for Overtime Wages Under the Fair Labor Standards Act*

32. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

33. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of 29 U.S.C. § 203.

34. At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. § 207(a).

35. Defendants willfully failed to pay Plaintiff overtime wages at a rate of one and one-half times their regular rate of pay, or one and one-half times the applicable minimum wage, for each hour worked in excess of forty hours per week, in violation of 29 U.S.C. § 207(a)(1).

36. Defendants' violations of the FLSA, as described in this complaint, were willful and intentional.

37. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. § 216(b), and/or prejudgment interest, all in an amount to be determined at trial.

## COUNT 2

### *Claim for Overtime Wages Under New York Labor Law*

38. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

39. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§ 2(5), 190(2) and 651(5).

40. At all times relevant to this action, Defendants were employers within the meaning of NYLL §§ 2(6), 190(3) and 651(6).

41. The Defendants willfully failed to pay Plaintiff overtime wages at a rate of one and one-half times her regular rate of pay for each hour worked in excess of forty hours per week, in violation of the NYLL and accompanying regulations, including 12 N.Y.C.R.R. § 142-2.2.

42. Defendants' violations of the NYLL, as described in the complaint, were willful and intentional.

43. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtimes wages and an equal amount in the form of liquidated damages, as well as attorneys' fees, costs of the action, and prejudgment interest, all in an amount to be determined at trial.

## COUNT 3

*Claim for Defendants' Failure to Provide Pay Stubs Under New York Labor Law*

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

45. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§ 2(5), 190(2) and 651(5).

46. At all times relevant to this action, Defendants were employers within the meaning of NYLL §§ 2(6), 190(3) and 651(6).

47. Defendants failed to provide full and accurate pay stubs to Plaintiff each time Defendants paid wages to Plaintiff in violation of NYLL § 195(3).

48. Defendants' violations of the NYLL, as described in the complaint, were willful and intentional.

49. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover damages from Defendants, jointly and severally, as well as reasonable attorneys' fees, costs of the action, and prejudgment interest, all in an amount to be determined at trial. NYLL § 198(1-d).

## COUNT 4

*Claim for Defendants' Failure to Provide Notices Upon Hire Under New York Labor Law*

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

51. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§ 2(5), 190(2) and 651(5).

52. At all times relevant to this action, Defendants were employers within the meaning of NYLL §§ 2(6), 190(3) and 651(6).

53. Defendants failed to provide Plaintiff a notice at the time of hire in violation of NYLL § 195(1).

54. Defendants' violations of the NYLL, as described in the complaint, were willful and intentional.

55. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover damages from Defendants, jointly and severally, as well as reasonable attorneys' fees, costs of the action, and prejudgment interest, all in an amount to be determined at trial. NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants to have willfully violated the FLSA and NYLL;

b. Permanently enjoining Defendants against future violations of the FLSA and the NYLL and its regulations;

c. Awarding Plaintiff unpaid overtime wages due under the FLSA and the NYLL and its regulations;

  d. Awarding Plaintiff damages for Defendants' failure to provide wage statements as required and in compliance with the NYLL;

  e. Awarding Plaintiff damages for Defendants' failure to provide wage notice as required and in compliance with the NYLL;

  f. Awarding Plaintiff liquidated damages;

  g. Awarding Plaintiff prejudgment and post-judgment interest;

  h. Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees; and

  i. Awarding such other and further relief as this Court deems necessary and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated: December 9, 2020
    New York, New York

                /s/
                Margaret McIntyre, Attorney at Law
                195 Montague Street, 14th Floor
                Brooklyn, New York 11201
                (212) 227-9987

                Eliseo Cabrera, Esq.
                TakeRoot Justice
                123 William Street, Floor 16
                New York, NY 10038
                (646) 923-8315

                *Attorneys for Plaintiff*