UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| ANGELA CHRISTIAN, | : | |
| | : | 20 Civ. 10362 (VSB) (SLC) |
| Plaintiff, | : | |
| | : | |
| - against - | : | |
| | : | **SETTLEMENT AGREEMENT** |
| MICHELLE KARS and JOHN KARS, | : | **AND RELEASE** |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Angela Christian ("Plaintiff") and Defendants Michelle Kars and Jon Kars (together "Defendants") (collectively "the Parties").

WHEREAS, a dispute has arisen regarding Plaintiff's wages during her employment with Defendants, which has resulted in the filing of an action in the United States District Court for the Southern District of New York, civil action number 1:20-CV-10362 (VSB) (SLC) ("Case"), alleging, among other things, a violation of federal and state wage, hour and labor laws;

WHEREAS, Defendants deny any violation of federal and state wage, hour and labor laws including all claims asserted in the Complaint; and

WHEREAS, the Parties desire to resolve the Case without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants. and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.      Consideration: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and

satisfaction of all potential wage and hour claims Plaintiff may have against Defendants, through and including the date upon which the Parties execute this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Sixty-Five Thousand dollars ($65,000.00) (the "Settlement Amount"). The Settlement Amount shall be paid as follows:

      a)      One check in the gross amount of Twenty-Two Thousand Five Hundred ($22,500) Dollars, less customary deductions and withholdings, representing payment for wages and payable to Angela Christian, for which she will receive an IRS Form W-2.

      b)      One check in the amount of Twenty-Two Thousand Five Hundred ($22,500) Dollars (with no withholdings), representing payment for liquidated damages payable to Plaintiff, for which Plaintiff will be issued an IRS Form 1099-MISC, with the payment being designated as "other income."

      c)      One check in the amount of Fifteen Thousand ($15,000) Dollars payable to Margaret McIntyre, Attorney at Law, as attorney's fees on behalf of Plaintiff, for which Margaret McIntyre will receive an IRS Form 1099-MISC.

      d)      One check in the amount of Five Thousand ($5,000) Dollars payable to TakeRoot Justice, as attorney's fees on behalf of Plaintiff, for which TakeRoot Justice will receive an IRS Form 1099-MISC.

      e)      All four checks will be mailed to Attorney McIntyre at 195 Montague Street, 14th Floor, Brooklyn New York 11201, within thirty (30) days of the Court's approval of this Agreement.

      f)      The amounts for payments referenced in b), c) and d) above shall be reported on IRS Forms 1099-MISC as payments to Plaintiff, as required, and Plaintiff shall deduct the amounts paid to her attorneys from her gross income. Plaintiff expressly agrees that she is liable

for any and all taxes she owes for the payments referenced in b), c) and d) above. Should the characterization of any payment set forth above be found to be improper or unwarranted by the IRS or other taxing or governmental authority with the result that Defendants are held obligated to pay taxes, additional taxes, penalties, or interest which should have been deducted from the gross amount of such payments, or if the IRS or other taxing authority otherwise finds the payment to be taxable or subject to tax, Plaintiff agrees to fully indemnify Defendants for all employee portions of such taxes, penalties, or interest actually paid by Defendants that were determined not to be owed by Defendants; and further agrees that she will not assert, file, or make any claims against Defendants for any portions of such taxes, penalties, or interest she may be compelled to pay and the costs, including attorneys' fees.

g)      Plaintiff will provide Defendants with an IRS Form W-4 and Plaintiff and her attorneys shall each provide an IRS Form W-9 to Defendants before any of the Settlement Amount can be made.

h)      Plaintiff agrees and acknowledges that, upon payment by Defendants in this manner, she will have been properly paid for all hours worked for the Defendants, that all salary, wages, commissions, bonuses, and other compensation due to Plaintiff has been paid, and that Plaintiff is not owed anything else from Defendants other than as provided for in this Agreement.

2.      Dismissal: Upon approval of this Agreement, the Court shall dismiss this action with prejudice subject to the condition that the matter may be reopened if the settlement payment is not made within 30 days of this Agreement So Ordered. The Court shall retain jurisdiction over any disputes arising from the Settlement.

3.      Release and Covenant Not To Sue:

a)      Plaintiff hereby irrevocably and unconditionally releases Defendants from, forever discharges Defendants and each of their successors and assigns, (hereinafter "Defendant Releasees") from and covenants not to sue Releasees for any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have had against any of the Defendant Releasees including, without limitation, any and all claims related or in any manner incidental to the Case, such as Plaintiff's wage and hour claims, except that nothing in this Agreement shall operate to preclude Plaintiff from enforcing, or shall adversely affect her right or ability to enforce this Agreement.

b)      Defendants hereby irrevocably and unconditionally release Plaintiff from, forever discharge Plaintiff and each of her successors and assigns, (hereinafter "Plaintiff Releasees") from and covenant not to sue Plaintiff Releasees for any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Defendants at any time have, had, claim or claimed to have had against any of the Plaintiff Releasees including, without limitation, any and all claims related or in any manner incidental to the Case, except that nothing in this Agreement shall operate to preclude Defendants from enforcing, or shall adversely affect their right or ability to enforce this

4

Agreement.

      4.      Withdrawal of Pending Claims. Plaintiff promises and represents that there are no administrative complaints or charges filed with federal, state and local agencies/administrative bodies against Releasees, other than the instant Case.

      5.      No Admission of Wrongdoing. Nothing herein shall be construed to be an admission by Plaintiff or Defendants of any wrongdoing or noncompliance with any federal, state, city, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or of any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever. The Parties specifically disclaim and deny any wrongdoing or liability to each other.

      6.      Non-Disparagement.

      a)      Other than: (i) truthful statements about Plaintiff's allegations and experiences in this Federal Case; and/or (ii) truthful statements made in response to due legal process, Plaintiff agrees not to make any derogatory, disparaging, defamatory statement, or any untruthful statement about either of the Defendants, whether by electronic, written or oral means, to any person, including, but not limited to, the press, the internet and social media.

      b)      Other than: (i) truthful statements about Defendants' denials and experiences in this Federal Case; and/or (ii) truthful statements made in response to due legal process, Defendants agree not to make any derogatory, disparaging, defamatory statement, or any untruthful statement about Plaintiff, whether by electronic, written or oral means, to any person, including, but not limited to, the press, the internet and social media.

Nothing in this Agreement shall be construed to keep the terms and conditions of this Agreement confidential.

7.      Headings. The section headings contained in this Agreement are for convenience of reference only, are not intended to be a part of this Agreement and shall not be construed to define, modify, alter or describe the scope or intent of any of the terms, covenants or conditions of this Agreement.

8.      Successors. This Agreement shall be binding upon, and shall inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, successors and assigns.

9.      Modification of the Agreement. This Agreement may not be changed unless the changes are in writing and signed by the Parties or by a proper representative of Plaintiff and Defendants and approved by a judge for the Southern District of New York.

10.     Acknowledgment. The Parties acknowledge that they have been fully and fairly represented by counsel. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement.   The Parties affirm that this Agreement has been entered into freely, knowingly and openly without coercion or duress.

11.     Governing Law. This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

12.     Enforceability. If any term or provision of this Agreement or the application thereof to any person, entity or circumstance shall to any extent be determined by a court of

competent jurisdiction to be is held to be illegal, void or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of any other provision of this Agreement, or the application of such terms or provisions to such person, entity, or circumstance other than those that are held invalid or unenforceable; provided, however, that upon any finding by a court (or other tribunal) of competent jurisdiction that the general release contained within this Agreement is illegal, void or unenforceable, the Parties agree promptly, upon the other Party's request, to execute a Release that is legal and enforceable.

13. Counterparts. To signify their agreement to the terms of this Agreement, the Parties have executed this Agreement on the date set forth next to signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Facsimile or scanned and e-mailed signatures shall be deemed valid and binding for such purposes.

15.     Entire Agreement. This Agreement contains all of the understandings and representations between Plaintiff and Defendants relating to the subject matter herein and supersedes all prior contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter.   This Agreement shall not be interpreted in favor of or against either party on account of such party having drafted this Agreement.

IN WTINESS WHEREOF, the undersigned have executed the above and foregoing

Agreement upon the date as written below.

Dated: 06 - 14 - 2021

_Angela Chistian_
Angela Christian, Plaintiff

Dated: _____

_____
Michelle Kars, Defendant

Dated: _____

_____
John Kars, Defendant

The Court dismisses this action with prejudice pursuant to Rule 41(a)(1)(iii) of the Federal Rules of Civil Procedure, subject to the condition that the matter may be reopened if the settlement payment is not made within 30 days of this Order.

SO ORDERED.

Dated: New York, New York

_____, 2021

_____
Hon. Sarah L. Cave, U.S.M.J.

8

Scanned with CamScanner

IN WTINESS WHEREOF, the undersigned have executed the above and foregoing

Agreement upon the date as written below.


Dated: _____          _____
                                                           Angela Christian, Plaintiff

Dated: _____06/14/2021_____          _____
                                                           Michelle Kars, Defendant

Dated: _____06/14/2021_____          _____
                                                           John Kars, Defendant


The Court dismisses this action with prejudice pursuant to Rule 41(a)(1)(iii) of the Federal Rules
of Civil Procedure, subject to the condition that the matter may be reopened if the settlement
payment is not made within 30 days of this Order.

SO ORDERED.

Dated: New York, New York

_____, 2021                    _____
                                                           Hon. Sarah L. Cave, U.S.M.J.

8